FALL 1809,
First District.

FOLK & AL.
vs.
SOLIS.

----●●●----

No bail in actions for a libel, on plaintiff's affidavit.

### FOLK & AL. vs. SOLIS.

ACTION for a libel. The defendants had been held to bail, on an order obtained from a judge at his chambers, in the sum of fifty thousand dollars, and now moved for his discharge.

*Brown* and *Porter* in support of the motion.

The order is unsupported by any principle of the laws of the United States, the acts of the territory, or the civil or Spanish law, the only sources from which the court can derive any legitimate authority.

THE acts of the territorial legislature have some provisions on the subject of bail, but they are far from authorizing the demand of it in a case like the present. The act regulating the practice of the Superior Court, 1805, *chap.* 26, § 12, points out the cases in which bail is to be required, viz. in suits *for the recovery of any debt or damages on a note, bond, contract, or open account, or for damages or injury to, or detention of the property of the petitioner.* The present case is for the recovery of damages for a personal injury, affecting the feelings, the fame, but not the property of the plaintiff.

BY the civil law bail is only required in civil cases, for injuries accompanied with force. 3 *Bl. Com.* 280, 281.

*Mazureau* on the same side. The laws of Spain allow the plaintiff in all civil suits without any exception, to demand from the defendant, when he is about to depart and even where he is not a freeholder, surety *judicio sisti.* 3 *Partida, L.* 41, *tit.* 2. *Politica de Villadiego,* 3 *art.* 2, 7, *art.* 7. This kind of surety corresponds to the special bail of the English lawyers, if we adopt the definition of *Febrero.* 2 *Libreria de escribanos, chapter* 4, § 5, 141. But the

I

FALL 1809,
First District.

FOLK & AL.
*vs.*
SOLIS.

order of the judge to authorize the demand of the surety had certain prerequisities. The affidavit of the plaintiff is not one of them. Spanish courts respect the maxim, *nemo testis in propriâ causâ,* and the existence of the debt and of the defendant's intention to depart, &c. are required to be established by indifferent, though *ex parte* testimony, or by some authentic document. 1 *Recopilacion de Castilla, lib. 5, tit.* 16, *c.* 3. *Politica de Villadiego, loco citato.*

*Alexander, Moreau* and *Duncan* for the plaintiffs. The act of the territory cited by the defendant's counsel, fully justifies the order of bail, in every case of an injury to the property, tho' not perhaps in the case of a mere personal injury. The plaintiffs claim special damages.

ORDERS of bail in case of a libel are not rare incidents in Great Britain and the United States. 2 *Johnson,* 298.

*Porter* in reply. An action for a libel is not instituted to recover damages for an injury to the property of the plaintiff, and there exists a clear distinction between injuries to the person and injuries to the property. 3 *Blackst. Com.* 123, 144. The loss of commercial advantages and credit is stated as the consequence of the injury of which the plaintiffs complain. But this is only a matter of aggravation. The real gist of the action is the injury to the person.

IF it be the practice in some of the States to

require bail, in an action for a libel, it must have been introduced by statute. It is not demandable by the common law. *Tidd.* 13, 67. *Blackstone, 3 Com.* 281.

*The Court,* LEWIS, *J. alone.* The words of the statute are too plain to leave a doubt. The obvious meaning and import of these expressions, *injury to or detention of property,* confine the case, in which bail is demandable to suits for direct and specific injuries, accompanied with force; the amount of which may be ascertained and furnish the judge a *datum* as to the amount of the bail. But it is impossible that slanderous or libellous expressions could do any possible injury to the property within the words and meaning of the statute: for although a person by means of the slander, should become a bankrupt, yet neither the quality or the condition of his property can be thereby injured or changed.

CONSIDERING then this case as without the words and meaning of the Territorial Act, it remains to be considered whether the laws of Spain, or common law of England, have provided a remedy like the one to which the plaintiffs have resorted.

THE Spanish authorities mention two kinds of sureties analogous to what British and American lawyers call bail. The surety *Judicio sisti* and that *Judicatum solvi*—the latter kind of surety is distinguishable from bail by this particular circumstance, that it insures actual payment. But

FALL 1809,
First District.

MEEKER
*vs.*
MEEKER.

the judge can issue an order of bail, or rather for one of these kinds of surety, when surety was stipulated for at the time of the contract, or when, after it, the affairs of the debtor become deranged, or when he meditates a removal: and the fact on which the plaintiff applies for remedy, must be satisfactorily made out by indifferent testimony.

THE common law has no principle on which a demand of bail may in this case be established.

IT seems, therefore, that the law of Spain alone may be invoked by the plaintiffs, and as they have not complied with what it requires, I am bound to say that they cannot have the benefit of it.

BAIL DISCHARGED.